## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-WRW |
| | : | 4:05CV01886-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **ANTONIA FENNER,** *et al.* | : | PLAINTIFFS |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC.,** *et al.* | : | DEFENDANT |

### AMENDED ORDER

Pending is Plaintiffs' Motion for Reconsideration (Doc. No. 142) of a March 1, 2006, Order denying Plaintiff's Motion to Remand.

The March 1, 2006, Order reads:

> This case originally involved 25 plaintiffs and 34 defendants. Although Plaintiffs are citizens of 16 different states -- notably, none of the non-diverse defendants are from Missouri, which is the state where this case was filed . . . Plaintiffs are residents of different states and were prescribed different HRT drugs from different doctors, for different lengths of time, in different amounts, and suffered different injuries. In light of this, Plaintiffs are not properly joined under Rule 20. "To simply group the plaintiffs by judicial district or to simply group them primarily for filing convenience, [does] not satisfy the terms required in Rule 20 nor the purpose" of Rule 20. Additionally, I can see no reason for the joinder of the non-diverse plaintiffs other than to destroy diversity jurisdiction.[1]

Based on this finding, seven non-diverse Plaintiffs were dropped from the case, and the remaining Plaintiffs filed an Amended Complaint on May 9, 2006.[2] Plaintiffs did not take an interlocutory appeal.

---

[1] Doc. No. 89 (citations omitted).

[2] Doc. No. 99.

1

Plaintiffs now move to vacate the March 1, 2006, Order based on a recent ruling in *In re: Prempro Products Liability Litigation (Sandra Kirkland, et al. v. Wyeth, et al.)*. In *Kirkland*, the Eighth Circuit found that "plaintiffs' alleged misjoinder in this case [was] not so egregious as to constitute fraudulent misjoinder," and directed that the case be remanded. The court went on to "clarify that we make no judgment on whether the plaintiffs' claims are properly joined under Rule 20."[3]

The legal issues regarding remand in both this case and *Kirkland* are similar. However, in *Kirkland*, the plaintiffs sought resolution of the issue through an appeal of the severance order and never amended their complaint. Here, Plaintiffs resolved the issue by amending their complaints rather than appealing the March 1, 2006, Order. Since Plaintiffs have already resolved the jurisdictional issues by amending their complaint, the ruling in *Kirkland* would no longer apply to this case.

Regarding the failure to file an interlocutory appeal, Plaintiffs assert that the Court "has never entered a final appealable order in this case," so they were unable to appeal the issue to the Eighth Circuit.[4] However, Plaintiffs could have sought certification of an interlocutory appeal, under 28 U.S.C. § 1292(b). Rather than choosing to appeal as they did in *Kirkland*, Plaintiffs here amended their complaint and removed all non-diverse Plaintiffs. The Eighth Circuit has held that "if remand is denied and there is no interlocutory appeal, a judgment may be upheld if federal jurisdiction exists at the time of judgment."[5]

Based on the Amended Complaint, complete diversity exists; so, Plaintiffs' assertion that this Court lacks jurisdiction is without merit. If Plaintiffs wished to dispute the

---

[3]*In re: Prempro Products Liability Litigation (Sandra Kirkland, et al. v. Wyeth, et al.)*, 591 F.3d at 622-623.

[4]Doc. No. 142-2.

[5]*St. Jude Medical, Inc. v. Lifecare Intern, Inc.*, 250 F.3d 587, 594 (8th Cir. 2001).

severance/remand order, they could have sought an interlocutory appeal, just as they did in *Kirkland*. Accordingly, Plaintiffs' Motion for Reconsideration (Doc. No. 142) is DENIED.

IT IS SO ORDERED this 30th day of March, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE